UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD L. BASKETT, ) | |
| ) | |
| Plaintiff, ) | CASE NO.   C06-1428-RSL-JPD |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES GOVERNMENT, ) | REPORT & RECOMMENDATION |
| ) | |
| Defendant. ) | |

Plaintiff, a state prisoner proceeding *pro se*, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, along with an application for leave to proceed *in forma pauperis* ("IFP application").  The complaint names as sole defendant the United States Government, which plaintiff alleges has failed to require federal courts to enforce the Americans with Disabilities Act.  (Proposed Complaint at 3).  Pursuant to 28 U.S.C. § 1915A, the court has reviewed the complaint and IFP application, and, for the reasons stated below, the court recommends that plaintiff's complaint and this action be dismissed prior to service on defendant.

First, although plaintiff's IFP application shows that he is indigent, court records reveal that plaintiff has had three cases dismissed for failure to state a claim upon which relief can be granted.[1] The Orders dismissing these three cases explicitly designated the dismissals to count as "strikes" under 28 U.S.C. § 1915(g).  Under that provision of law, plaintiff's IFP application is barred,

---

[1] The three cases are: *Baskett v. Agar*, Case No. C05-5743-FDB, *Baskett v. Quinn*, Case No. C06-266-RSL, and *Baskett v. King County*, *et al.*, Case No. C06-338-RSM.

REPORT & RECOMMENDATION
PAGE - 1

1  notwithstanding his indigency, unless plaintiff can show that he "is under imminent danger of serious
2  physical injury." 28 U.S.C. § 1915(g).² *See also Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005).
3  Neither plaintiff's IFP application nor his complaint show that he is under imminent danger of
4  serious physical injury. Accordingly, his IFP application should be denied.

5      Second, even if plaintiff were permitted to proceed *in forma pauperis*, his complaint here
6  could not proceed because the sole defendant, the United States Government, is not amenable to suit
7  under § 1983. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994). Accordingly, his complaint fails to
8  state a claim upon which relief can be granted.

9      For the foregoing reasons, plaintiff's IFP application should be denied and this matter
10 dismissed. A proposed Order reflecting this recommendation is attached.

11     DATED this 10th day of October, 2006.

/s/ James P. Donohue

JAMES P. DONOHUE
United States Magistrate Judge

---

²  Section 1915(g) was enacted as part of the 1996 Amendments to the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321, § 804(d) ("PLRA") and provides that:

> In no event shall a prisoner bring a civil action or appeal . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury*.

28 U.S.C. § 1915(g) (emphasis added).

REPORT & RECOMMENDATION
PAGE - 2